# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GARY SMITH, | Civil Action No. 13 – 780 |
| Plaintiff, | |
| v. | District Judge David S. Cercone |
| | Chief Magistrate Judge Lisa Pupo Lenihan |
| JUDGE JOHN F. WAGNER, JR., JOSEPH M. GEORGE, JR., Assistant District Attorney, and DAVID W. KAISER, Assistant Public Defender, | |
| Defendants. | |

## REPORT AND RECOMMENDATION

### I. RECOMMENDATION

For the following reasons, it is respectfully recommended that Plaintiff's Complaint be dismissed pursuant to 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim upon which relief can be granted and that such dismissal be with prejudice because granting Plaintiff leave to amend would be futile.

### II. REPORT

Plaintiff is a Pennsylvania state prisoner currently incarcerated at the State Correctional Institution at Fayette. He initiated this action on June 7, 2013, and his Motion for Leave to Proceed *in forma pauperis* was granted on August 1, 2013. For the reasons that follow, Plaintiff's Complaint should be dismissed pursuant to the screening provisions of the Prison Litigation Reform Act.

1

### A. The Prison Litigation Reform Act

The Prison Litigation Reform Act ("PLRA"), Pub.L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding *in forma pauperis* (28 U.S.C. § 1915(e)(2)) or seeks redress against a governmental employee or entity (28 U.S.C. § 1915A). The Court is required to identify cognizable claims and to *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). This action is subject to *sua sponte* screening for dismissal under both 28 U.S.C. §§ 1915(e)(2) and 1915A because Plaintiff is a prisoner proceeding *in forma pauperis* and seeking redress from a governmental employee.

### B. Standard of Review

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) or § 1915A(b)(1) is identical to the legal standard used when ruling on a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *See* Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, a court must grant the plaintiff leave to amend his complaint, unless amendment would be inequitable or futile. *See* Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002).

In reviewing a *pro se* plaintiff's complaint, the court must accept all factual allegations in the complaint as true and take them in the light most favorable to the *pro se* plaintiff. *See* Erickson v. Pardus, 551 U.S. 89, 93 (2007); Phillips v. County of Allegheny, 515 F.3d 224, 229

(3d Cir. 2008). A complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 556 (2007). "Factual allegations must be enough to raise a right to relief above a speculative level." Id. at 555. The court need not accept inferences drawn by the plaintiff if they are unsupported by the facts as set forth in the complaint. *See* California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) (citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997)). Nor must the court accept legal conclusions set forth as factual allegations. Bell Atlantic Corp., 550 U.S. at 555 (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)). Additionally, a civil rights claim "must contain specific allegations of fact which indicate a deprivation of constitutional rights; allegations which are nothing more than broad, simple and conclusory statements are insufficient to state a claim under § 1983." Alfaro Motors, Inc. v. Ward, 814 F.2d 883, 887 (2d Cir. 1987).

Finally, a court must employ less stringent standards when considering *pro se* pleadings than when judging the work product of an attorney. Haines v. Kerner, 404 U.S. 519, 520 (1972). When presented with a *pro se* complaint, the court should construe the complaint liberally and draw fair inferences from what is not alleged as well as from what is alleged. Dluhos v. Strasberg, 321 F.3d 365, 369 (3d Cir. 2003). In a section 1983 action, the court must "apply the applicable law, irrespective of whether the *pro se* litigant has mentioned it by name." Higgins v. Beyer, 293 F.3d 683, 688 (3d Cir. 2002) (quoting Holley v. Dep't of Veteran Affairs, 165 F.3d 244, 247-48 (3d Cir. 1999)). *See also* Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996) ("Since this is a § 1983 action, the [pro se] plaintiffs are entitled to relief if their complaint sufficiently alleges deprivation of any right secured by the Constitution.") (quoting Higgins, 293 F.3d at 688). Notwithstanding this liberality, *pro se* litigants are not relieved of their obligation to allege

3

sufficient facts to support a cognizable legal claim. *See*, *e.g.*, Taylor v. Books A Million, Inc., 296 F.3d 376, 378 (5th Cir. 2002); Riddle v. Mondragon, 83 F.3d 1197, 2102 (10th Cir. 1996).

## C. Discussion

Plaintiff alleges numerous claims related to his state criminal proceedings. He asserts that his sentence was illegally obtained; that he was denied an evidentiary hearing, appointment of counsel and access to the courts; and that his trial counsel was ineffective because he failed to investigate and subpoena alibi witnesses. He seeks a declaratory judgment, compensatory and punitive damages and for the Court to order Judge Wagner to rule on his pending post-conviction collateral relief motion. As explained *infra*, Plaintiff is unable to state a claim upon which relief can be granted because his claims are barred pursuant to Heck v. Humphrey, 512 U.S. 477 (1994); and, alternatively, both Judge Wagner and Assistant District Attorney George are entitled to immunity and Assistant Public Defendant Kaiser is not a state actor subject to liability under 42 U.S.C. § 1983.

### 1. Heck v. Humphrey, 512 U.S. 477 (1994)

Pursuant to Heck v. Humphrey, 512 U.S. 477, 487 (1994), a plaintiff cannot recover under § 1983 for alleged wrongful incarceration unless he proves that his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. In considering Heck and summarizing the interplay between habeas and § 1983 claims, the United States Supreme Court has explained that "a state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or

4

internal prison proceedings) – if success in that action would necessarily demonstrate the invalidity of the confinement or its duration." Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005).

Here, Plaintiff has not alleged or proven that his conviction was reversed or invalidated as provided by Heck. Further, his claims present the type of claims address in Heck; a finding that Plaintiff's conviction was procured by unconstitutional means would necessarily imply the invalidity of his conviction. Therefore, to the extent Plaintiff seeks damages for his current incarceration, he fails to state a claim upon which relief can be granted. To the extent Plaintiff attempts to challenge his conviction, his sole federal remedy for challenging the fact or duration of his confinement is by way of habeas corpus. *See* Preiser v. Rodriguez, 411 U.S. 475 (1973); *see also* Torrence v. Thompson, 435 F. App'x 56 (3d Cir. 2011).

Notwithstanding the Heck bar, Plaintiff also fails to state a claim against any named defendant for the reasons that follow.

**2. Judicial Immunity**

Plaintiff names the Honorable John F. Wagner, Jr. as a defendant. He complains that Judge Wagner illegally resentenced him to the same sentence after the Pennsylvania Superior Court overturned his conviction and also that he has delayed in ruling on Plaintiff's motion for post-conviction relief, of which Plaintiff avers contains claims entitling him to release from custody.

Under Third Circuit law, "[a] judicial officer in the performance of his duties has absolute immunity from suit and will not be liable for his judicial acts." Capogrosso v. The Supreme Court of New Jersey, 588 F.3d 180, 184 (3d Cir. 2009) (internal quotation marks omitted). "A judge will not be deprived of immunity because the action he took was in error,

was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted 'in the clear absence of all jurisdiction.'" Id. (citations omitted).

In addition, § 1983 provides that "injunctive relief shall not be granted" in an action brought against a judicial official for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable." Azubuko v. Royal, 443 F.3d 302, 304 (3d Cir. 2006) (citing 42 U.S.C. § 1986). Section 1983 recognizes that declaratory relief is available in some circumstances, but limits the availability of injunctive relief to circumstances in which declaratory relief is unavailable or inadequate. *See* Brandon E. ex rel. Listenbee v. Reynolds, 201 F.3d 194, 197-98 (3d Cir. 2000). Declaratory judgment is inappropriate solely to adjudicate past conduct. Gruntal & Co., Inc., v. Steinberg, 837 F. Supp. 85, 89 (D. N.J. 1993). In addition, declaratory relief will not issue where the litigant "is not seeking declaratory relief in the true legal sense." Corliss v. O'Brien, 200 F. App'x 80, 84-85 (3d Cir. 2006) (unpublished).

The Complaint contains no allegations that Judge Wagner acted outside the scope of his judicial capacity and only a conclusory, bold assertion that he acted in the absence of his jurisdiction. *See* Mireles v. Waco, 502 U.S. 9, 11 (1991). In the absence of facts that would support application of some exception to the doctrine of judicial immunity, the allegations against Judge Wagner fail to state a claim upon which relief may be granted. In addition, to the extent Plaintiff seeks injunctive relief, the claims are barred by judicial immunity because there are no allegations that a declaratory decree has been violated or declaratory relief is unavailable. Finally, Plaintiff fails to plead a legally cognizable claim for declaratory relief.

**3. Prosecutorial Immunity**

Plaintiff names Assistant District Attorney Joseph M. George, Jr. as a defendant. There are no allegations of George's personal involvement apart from Plaintiff's general allegation that he was wrongfully prosecuted and that his conviction was illegally obtained.

Prosecutors should not be encumbered by the threat of civil liability while performing judicial or quasi-judicial functions. *See* Odd v. Malone, 538 F.3d 202, 208 (3d Cir. 2008). A prosecutor enjoys absolute immunity from liability for actions taken in connection with judicial proceedings. Odd v. Malone, 538 F.3d at 208 (citations omitted), *aff'd sub. nom.*; Schneyder v. Smith, 653 F.3d 313 (3d Cir. 2011). Absolute immunity from section 1983 claims attach to the prosecutor's decision to initiate a prosecution and generally includes activities conducted in court, such as presenting evidence or legal arguments. *See* Imber v. Pachtman, 424 U.S. 409, 424 (1976). Prosecutorial activities outside the courtroom receive the same protection only if they are "intimately associated with the judicial phase of the criminal process." Van de Kamp v. Goldstein, 555 U.S. 335, 341 (2009) (quoting Imber, 424 U.S. at 430).

The fact that an individual is employed as a prosecutor does not mean the prosecutor is immune from suit for every wrong committed. *See* Schneyder, 653 F.3d at 331. The "inquiry focuses on 'the nature of the function performed, not the identity of the actor who performed it.'" Odd, 538 F.3d at 208 (quoting Light v. Haws, 472 F.3d 74, 78 (3d Cir. 2007)). "The court must ascertain just what conduct forms the basis for the plaintiff's cause of action, and it must then determine what function (prosecutorial, administrative, investigative, or something else entirely) that act served." Id. The court "focuses on the unique facts of each case" and carefully dissects the prosecutor's actions. Id. (citations omitted).

Here, Plaintiff alleges in a conclusory manner that he was wrongfully prosecuted and that his conviction was illegally obtained. The conclusory allegations do not meet the pleading

7

standard of Iqbal and Twombly, *supra*. In addition, the allegations, while vague, refer to acts occurring that required advocacy, and, thus, Defendant George enjoys prosecutorial immunity. Accordingly, Plaintiff has failed to state a claim upon which relief may be granted against Defendant George.

### 4. State Actors

Plaintiff names Assistant Public Defender David W. Kaiser as a defendant. When bringing a section 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). Public defenders do not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in criminal proceedings. Polk County v. Dodson, 454 U.S. 312 (1981). Therefore, the claims against Defendant Kaiser fail as a matter of law.

### 5. Eleventh Amendment Immunity

Plaintiff has sued all defendants in their official capacity as well as their individual capacity. "[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself." Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989) (internal citation omitted). In this case, Plaintiff's official capacity claims are really claims against the Commonwealth of Pennsylvania.

The Eleventh Amendment provides states with immunity not only from suits brought by citizens of other states, but also from suits brought by their own citizens. Hans v. Louisiana, 134 U.S. 1, 12-14 (1890). But a state's Eleventh Amendment protection from federal suits is not absolute. Congress may authorize such a suit under its power to enforce the Fourteenth

Amendment, Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd., 527 U.S. 666, 670 (1999), thereby abrogating a state's sovereign immunity but only "when it both unequivocally intends to do so and 'acts pursuant to a valid grant of constitutional authority,'" Bd. of Trs. Of the Univ. of Ala. v. Garrett, 531 U.S. 356, 363 (2001) (quoting Kimel v. Bd. of Regents, 528 U.S. 62, 73 (2000). A state may also waive its sovereign immunity by consenting to suit. Coll. Sav. Bank, 527 U.S. at 670 (citing Clark v. Barnard, 108 U.S. 436 (1883)); Atascadero State Hosp. v. Scanlon, 473 U.S. 234, 238 (1985). Additionally, a person seeking purely prospective relief against state officials for ongoing violations of federal law may sue under the "legal fiction" of Ex parte Young, 209 U.S. 123, 159-60 (1908), despite the text of the Eleventh Amendment. Alden v. Maine, 527 U.S. 706, 757 (1999).

No exceptions to the Eleventh Amendment immunity are applicable here. By statute, the Commonwealth of Pennsylvania has specifically withheld its consent to be sued. *See* 42 Pa. Cons. Stat. Ann. § 8521(b); *see also* Laskaris v. Thornburgh, 661 F.2d 23, 25 (3d Cir. 1981). Additionally, Congress has not expressly abrogated Pennsylvania's Eleventh Amendment immunity from civil rights suits for damages. *See, e.g.*, Will, 491 U.S. at 66 ("Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties."); Quern v. Jordan, 440 U.S. 332, 341 (1979); Boykin v. Bloomsburg Univ. of Pa., 893 F. Supp. 378 (M.D. Pa. 1995) (holding that States' immunity has not been abrogated for actions brought under §§ 1981, 1983, 1985, and 1986), *aff'd*, 91 F.3d 122 (3d Cir. 1996). Finally, Plaintiff's claims for declaratory relief are not justiciable because he has not alleged "facts from which it appears there is a substantial likelihood that he will suffer injury in the future." Martin v. Keitel, 205 F. App'x 925, 928 (3d Cir. 2006) (affirming dismissal of declaratory judgment

action seeking "a declaration that defendants violated . . . rights in the past" as no longer justiciable).  As such, all defendants are entitled to Eleventh Amendment immunity to the extent Plaintiff has sued them in their official capacities.

## III. CONCLUSION

For the reasons set forth above, it is respectfully recommended that Plaintiff's Complaint be dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), and that such dismissal be with prejudice because granting Plaintiff leave to amend would be futile.

In accordance with the applicable provisions of the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B)&(C), and Rule 72.D.2 of the Local Rules of Court, the parties shall have fourteen (14) days from the date of the service of this report and recommendation to file written objections thereto.  Any party opposing such objections shall have fourteen (14) days from the date on which the objections are served to file its response.  A party's failure to file timely objections will constitute a waiver of that party's appellate rights.

Dated:  August 6, 2013

/s/ Lisa Pupo Lenihan
Lisa Pupo Lenihan
Chief United States Magistrate Judge

cc: Gary Smith
DX0518
SCI Fayette
Box 9999
LaBelle, PA  15450-0999
*Via U.S. Postal Mail*