IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GARY SMITH, | ) | |
| | ) | Civil Action No. 13 – 780 |
| Plaintiff, | ) | |
| | ) | District Judge David S. Cercone |
| v. | ) | Chief Magistrate Judge Lisa Pupo Lenihan |
| | ) | |
| JUDGE JOHN F. WAGNER, JR., | ) | |
| JOSEPH M. GEORGE, JR., Esq., | ) | |
| Assistant District Attorney and | ) | |
| DAVID W. KAISER, Esq., Assistant | ) | |
| Public Defender, | ) | |
| Defendants. | | |

**MEMORANDUM ORDER**

This action is before the Court on the Report and Recommendation issued by Chief Magistrate Judge Lisa Pupo Lenihan on August 6, 2013. (ECF No. 11.) The magistrate judge recommended that Plaintiff's Complaint be dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), and that dismissal be with prejudice because granting Plaintiff leave to amend would be futile. Plaintiff was served with the Report and Recommendation and informed that he had until August 23, 2013 to file written objections. On August 13 and 14, 2013, respectively, Plaintiff filed what he titles Evidence in Support of his Complaint (ECF No. 13) and a Motion to Amend his Complaint (ECF No. 14). He also filed timely Objections on August 22, 2013 (ECF No. 15). These filings will be addressed *infra*.

In his Evidence in Support of Complaint, Plaintiff appears to argue that his claims are not barred by Heck v. Humphrey, 512 U.S. 477 (1994), because his judgment of sentence was

1

reversed on appeal. While Plaintiff is correct in that his conviction was overturned on appeal, he is incorrect in his assertion that his claims are not barred. As the magistrate judge noted, and Plaintiff's "evidence" supports, Plaintiff's case was remanded and thereafter he pleaded guilty to similar offenses and was resentenced to a prison term of 102 to 240 months. Plaintiff has not shown that the new judgment of sentence for which he is now incarcerated has been overturned and therefore his claims are barred by Heck. Accordingly, this Objection is overruled.

In his Motion to Amend, Plaintiff mainly reiterates the claims in his Complaint, which are related to his criminal conviction and are barred by Heck. He claims that his counsel tricked him into pleading guilty and that the trial court refused to sentence him to the sentence agreed upon by his counsel and the assistant district attorney. For the reasons stated in the magistrate judge's Report and Recommendation, these claims, to the extent that they are not included in his current Complaint, are also barred by Heck. To the extent Plaintiff seeks leave to amend his Complaint to include them; his Motion to Amend will be denied.[1]

Plaintiff also requests permission to amend his Complaint to include several claims that are wholly unrelated to the claims in his Complaint. For example, Plaintiff claims that he is being treated differently than other inmates (although he does not state how), that the Pennsylvania State Correctional Institutions are overcrowded, that he was sexually assaulted by three white inmates, and that he is being denied medical care and mental health treatment. At this juncture, it would be improper to allow Plaintiff to amend his Complaint to add these claims

---

[1] Plaintiff is again advised that his sole federal remedy for challenging the fact or duration of his confinement is by way of habeas corpus pursuant to 28 U.S.C. § 2254. *See* Preiser v. Rodriguez, 411 U.S. 475 (1973); *see also* Torrence v. Thompson, 435 F. App'x 56 (3d Cir. 2011). After he has exhausted his state court remedies, Plaintiff should file his habeas petition in the district where his judgment of sentence was obtained, which appears to be this district. *See* 28 U.S.C. §§ 2241, *et seq*.

2

because they in no way relate to the claims he originally presented and are not asserted against the defendants currently named in this action. However, Plaintiff is free to bring these conditions of confinement claims before the Court in another complaint by initiating a new civil action if he so desires.

Upon review Plaintiff's Objections, the Court finds that they do not undermine the recommendation of the magistrate judge. Therefore, after *de novo* review of the pleadings and documents in the case, together with the Report and Recommendation, the Objections thereto, and Plaintiff's Motion to Amend his Complaint, the following order is entered.

**AND NOW**, this 23rd day of August, 2013,

**IT IS HEREBY ORDERED** that Plaintiff's Complaint is **DISMISSED** for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). The claims in the complaint are dismissed with prejudice because amendment would be futile.

**IF IS FURTHER ORDERED** that Plaintiff's Motion to Amend his Complaint (ECF No. 14) is **DENIED**.

**IT IS FURTHER ORDERED** that the magistrate judge's Report and Recommendation dated August 6, 2013 (ECF No. 11), as it is supplemented herein, is adopted as the Opinion of this Court.

**IT IS FURTHER ORDERED** that the Clerk of Court mark this case **CLOSED**.

**AND IT IS FURTHER ORDERED** that pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, Petitioner has thirty (30) days to file a notice of appeal as provided by Rule 3 of the Federal Rules of Appellate Procedure.

s/ David Stwart Cercone  
David Stewart Cercone  
United States District Judge

cc: **GARY SMITH**
DX0518
SCI Fayette
Box 9999
LaBelle, PA  15450-0999
*Via First Class U.S. Postal Mail*

Counsel of Record
*Via ECF Electronic Mail*